UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GREG PAUL BOURGEOIS, ET AL.**                              **CIVIL ACTION**

**VERSUS**                                                                **NO. 18-88-BAJ-EWD**

**FORD MOTOR COMPANY, ET AL.**

## ORDER

Before the Court is a Complaint filed by plaintiffs Greg Paul Bourgeois and Kelly Ledoux Bourgeois (collectively, "Plaintiffs").[1] In the Complaint, Plaintiffs assert that this Court has diversity jurisdiction over their claims pursuant to 28 U.S.C. § 1332.[2] The Complaint contains the following allegations regarding the citizenship of the parties:

> 1. Plaintiff, **GREG PAUL BOURGEOIS**, is an individual that is now and has been at all times a citizen of the State of Louisiana.
> 2. Plaintiff, **KELLY LEDOUX BOURGEOIS**, is an individual that is now and has been at all times a citizen of the State of Louisiana.
> 3. Defendant, **FORD MOTOR COMPANY**, hereinafter "FORD," is a Delaware corporation with its principal place of business in Michigan. . . .
> 4. Defendant, **HOLLINGSWORTH RICHARDS FORD DBA RIVER CITY FORD, INC.**, hereinafter "RIVERY [sic] CITY", is a company authorized to do and doing business in the State of Louisiana whose agent for service of process is Brett P. Furr, Taylor Porter Brooks & Phillips, L.L.P., 450 Laurel Street, 8Th Floor, Baton Rouge, LA 70801.
> 5. Defendant, **NEIGHBORS FREDERAL** [sic] **CREDIT UNION**, hereinafter "NEIGHBORS", is a federal company authorized to do and doing business in the State of Louisiana whose agent for service of process is Steve Webb, CEO, 12529 Perkins Road, Baton Rouge, LA 70810.[3]

---

[1] R. Doc. 1.
[2] R. Doc. 1 at ¶ 6.
[3] R. Doc. 1 at ¶¶ 1-5 (emphasis in original).

Proper information regarding the citizenship of all parties is necessary to establish the Court's diversity jurisdiction. In the Complaint, citizenship has not been adequately alleged. Although the citizenship of Greg Paul Bourgeois, Kelly Ledoux Bourgeois and Ford Motor Company has been adequately alleged,[4] the citizenship of Hollingsworth Richards Ford DBA River City Ford, Inc. ("River City Ford") and Neighbors Federal Credit Union ("Neighbors") has not been properly alleged. As an initial matter, the Complaint fails to specify what form the entities River City Ford and Neighbors are, alleging only that they are both companies "authorized to do and doing business in the State of Louisiana."[5] If either of these entities is a corporation, the Complaint must allege the entity's state of incorporation and principal place of business. *See,* 28 U.S.C. § 1332(c). However, if either of these entities is a partnership, the Complaint must allege the citizenship of each partner of the entity. *See, International Paper Co. v. Denkmann Associates*, 116 F.3d 134, 137 (5th Cir. 1997) (citing *Royal Ins. V. Quinn-L Capital Corp.*, 3 F.3d 877 (5th Cir. 1993)).

If, however, either River City Ford or Neighbors is an unincorporated association or a limited liability company, the Fifth Circuit has held that the citizenship of an unincorporated association or a limited liability company is determined by considering the citizenship of all its members. *See*, *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1080 (5th Cir. 2008). Thus, to properly allege the citizenship of an unincorporated association or a limited liability company, a party must identify each of the members of the unincorporated association or limited liability

---

[4] With respect to the plaintiffs, Greg Paul Bourgeois and Kelly Ledoux, the Fifth Circuit has explained that, "For diversity purposes, citizenship means domicile; mere residence in the State is not sufficient." *Mas v. Perry*, 489 F.2d 1396, 1399 (5th Cir. 1974) (citations omitted). With respect to Ford Motor Company, the Fifth Circuit has held that, "For diversity jurisdiction purposes, a corporation is a citizen of the state in which it was incorporated and the state in which it has its principal place of business." *Getty Oil, Div. of Texaco v. Ins. Co. of North America*, 841 F.2d 1254, 1259 (5th Cir. 1988) (*citing* 28 U.S.C. § 1332(c)). Thus, to properly allege the citizenship of a corporation, a party must identify the place of incorporation and the corporation's principal place of business in accordance with the requirements of 28 U.S.C. § 1332(c).
[5] R. Doc. 1 at ¶¶ 4 & 5.

company and the citizenship of each member in accordance with the requirements of 28 U.S.C. § 1332(a) and (c). The same requirement applies to any member which is also an unincorporated association or a limited liability company. *See, Turner Bros. Crane and Rigging, LLC v. Kingboard Chemical Holding Ltd.*, Civ. A. No. 06-88-A, 2007 WL 2848154, at *4 (M.D. La. Sept. 24, 2007) ("when partners or members are themselves entities or associations, the citizenship must be traced through however many layers of members or partners there may be, and failure to do [so] can result in dismissal for want of jurisdiction.") (citations omitted).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs shall have seven (7) days from the date of this Order to file a comprehensive amended Complaint (*i.e.*, it may not refer back to or rely on any previous pleading) without further leave of Court properly setting forth the citizenship particulars required to establish that the Court has diversity jurisdiction over the case, which will become the operative complaint in this matter without reference to any other document in the record.

Signed in Baton Rouge, Louisiana, on January 31, 2018.

**ERIN WILDER-DOOMES**
**UNITED STATES MAGISTRATE JUDGE**